FILED
COURT OF APPEALS
DIVISION II

2013 JUN II  AM 10: 41

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43777-5-II |
| Respondent, | |
| v. | |
| JUSTIN R. PACKARD, | UNPUBLISHED OPINION |
| Appellant. | |

QUINN-BRINTNALL, J.—Justin Packard appeals from the sentence imposed following his plea of guilty to first degree possession of stolen property, arguing that the trial court abused its discretion in determining the amount of restitution Packard was ordered to make. We agree, reverse, and remand for a new order of restitution.[1]

The State charged Packard with first degree possession of stolen property, "to-wit: **wire and brass fittings**, with a value in excess of $5,000." Clerk's Papers (CP) at 1. The State and Packard reached a plea agreement, which included restitution to be determined as to "**Charged Counts and Uncharged Counts**," and Packard entered an *Alford*[2] plea. CP at 25-26. The trial court accepted Packard's plea, sentenced him to 14 months of confinement, and ordered that a

---

[1] A commissioner of this court initially considered Packard's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

restitution hearing would be set by the prosecutor. In the change of plea hearing, the prosecutor

made the following statement regarding restitution:

> When I talked with [Packard's counsel] concerning restitution, the plea was to Possession of Stolen Property in the First Degree. One of the issues here was there was more damage done to the property than just the value of the possession of stolen property. Given my review of the case, the State did not have enough information to charge a burglary. We don't have information that this Defendant went in and committed that damage. So the deal here is the restitution is only the fair market value of the property that went missing, basically the wire, not other damage to the Port [of Willapa Harbor (Port)] itself. And I don't know if that was in the plea or not but I wanted to put that on the record when we're -- we're not ready to address restitution. I don't know what those numbers are, but it's the value of the wire, the fair market value of the wire, not the other damages to the property.

Report of Proceedings (RP) (Jan. 13, 2012) at 12-13.

At the subsequent restitution hearing, the Port submitted documentation requesting

$128,133 in restitution to repair the damage to the Port's saw mill electrical system caused by the

removal of the wire from that system. Packard argued that "there's no causal connection

between possessing stolen property and all the damage that has been described by the State's

witness." RP (July 6, 2012) at 15. The State responded that "it's not just the value of the wire,

it's all of the ancillary damages." RP (July 6, 2012) at 16. The trial court ordered $128,000 in

restitution and, under RCW 9.94A.753(3),[3] added an additional $64,000, for a total of $192,000.

Packard appeals the order of restitution.

We review an order of restitution for an abuse of discretion. *State v. Griffith*, 164 Wn.2d

960, 965, 195 P.3d 506 (2008). Restitution is allowed only for losses causally connected to the

crimes charged. *Griffith*, 164 Wn.2d at 965-66. Losses are causally connected if, but for the

crimes charged, the victim would not have incurred the loss. *Griffith*, 164 Wn.2d at 966.

---

[3] Under RCW 9.94A.753(3), the trial court may impose restitution "not to exceed double the amount of the . . . victim's loss from the commission of the crime."

No. 43777-5-II

Packard argues that the only losses causally connected to the crime of possession of stolen property are those for the stolen property itself, namely the wire found in his possession. He relies on the prosecutor's statement during the change of plea hearing. The State responds that the additional losses claimed by the Port were for damages to the mill's electrical system caused by the removal of the wire. It contends that those losses were causally connected to Packard's possession of the stolen property.

We agree with Packard that the State did not demonstrate a causal connection between Packard's possession of the stolen wire and the damage to the Port's electrical system caused by the removal of the wire. The State admitted it did not have evidence that Packard caused the damage to the electrical system. And Packard's later possession of the stolen wire does not create a *causal* connection to the damage caused by the removal of the wire. We conclude that the trial court abused its discretion in determining that the $128,000 in losses claimed by the Port was causally connected to Packard's possession of the stolen wire. Accordingly, we reverse the order of restitution and remand for entry of a new order of restitution.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL, J.

We concur:

HUNT, J.

WORSWICK, C.J.

3